LAWSON v. METAL PRODUCTS CORPORATION.

(District Court, D. Rhode Island. February 28, 1913.)

No. 2753, C. C.

PATENTS (§ 328*)—INVENTION—GEM SETTING.

The Lawson patent No. 983,295, for a gem setting, having such ornamental extensions as may be made in box settings of the usual type constructed integrally with such setting, is void for lack of patentable invention.

In Equity. Suit by James W. Lawson against the Metal Products Corporation. On final hearing. Decree for defendant.

Howard A. Lamprey, of Providence, R. I., for complainant.

Alex. P. Browne, of Boston, Mass., and Cook & Brownell, of Providence, R. I., for defendant.

BROWN, District Judge. The bill charges infringement of letters patent to J. W. Lawson, No. 983,295, February 7, 1911, for gem setting.

The gem setting described consists of a box setting of an old type, with the addition of certain ornamental extensions made integral with the box setting. The box setting is substantially similar to that shown in a prior patent to Dover, No. 795,109, July 18, 1905.

The specification of the Lawson patent in suit states:

"Heretofore in the use of the form of box setting shown in the drawings whenever any ornamental structures, attachments or connections of any kind or nature have been used, such as correspond to the parts *d-d* as ornamental structures and *z-z* as rings, eyelets and other connections, they have been swaged or soldered to the form of box setting shown. The soldering anneals and weakens the adjacent metals so that by reason thereof and also through faulty swaging said ornamental structures, attachments and connections are often insecure and results in the loss of valuable ornaments and gems or in the article of jewelry being rendered useless and put away lest the valuable gem which the gem setting holds should be lost. And in the case of the cheaper lines of goods the cost of the time and labor necessary to assemble the said ornamental structures, attachments and connections and to solder them is so great that it is prohibitive for many articles. In my improved gem setting, said ornamental structures, attachments and connections or securing members are struck up integrally with said body portion from the same piece of stock and so can be made as strongly as desired and at the same time at a great saving of time and labor and dispensing entirely with said swaging and soldering. Moreover I strike up my improved gem setting together with said parts *d d* and *e e* at once in the oval, square, circular or any shape desired, whereas the box setting shown is made only in the round and so to get any other shape it must afterward be taken and swaged into the desired shape."

Complainant relies upon all claims of the patent.

The prior art shows box settings with ornamental extensions soldered thereto. It also shows gem settings in which the gem is secured by points as distinguished from a continuous flange to hold the gem in position. Such settings had ornamental extensions extending integrally from the base of the body portion.

The prior art also shows rings having a box setting and ornamental extensions all integral; i. e., forged of one and the same piece of metal.

In the prior patent to Dover there is shown in figure 10 a lateral extension of the lower part of the tubular body portion, of which the patentee, Dover, says:

"This excess of diameter gives a richness and massiveness of effect which is very desirable even in the use of single settings, and which is greatly enhanced by grouping, * * * producing an appearance of embedding the gems."

In view of the prior patent to Dover and of the various exhibits, I am of the opinion that there was no patentable novelty in adding to the box setting of the prior art ornamental extensions which were integral with the box setting.

The complainant cites Krementz v. S. Cottle Co., 148 U. S. 556, 13 Sup. Ct. 719, 37 L. Ed. 558, but that case turns upon the character and novelty of the special device there shown, and cannot be taken as an authority for the broad proposition that to make in one piece what previously had been made in two pieces involves invention.

The bill will be dismissed.